```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

GENERAL CASUALTY COMPANY         )
OF ILLINOIS,                     )
                                 )
                 Plaintiff,      )
                                 )
     v.                          )    No.  08 C 6650
                                 )
PROFESSIONAL MANUFACTURERS       )
REPRESENTATIVES, et al.,         )
                                 )
                 Defendants.     )
```

## MEMORANDUM OPINION AND ORDER

Home Depot U.S.A., Inc. ("Home Depot") has filed a Notice of Removal ("Notice") in this declaratory judgment action brought by General Casualty Company of Illinois ("General Casualty") against Home Depot and three other defendants--a corporation and a husband and wife--arising out of an injury sustained by the husband, an employee of the corporate defendant, while working at a Home Depot store. Both the husband and wife are plaintiffs in a personal injury lawsuit against Home Depot (Jerman v. Home Depot U.S.A., Inc., 07 C 6517), which is now pending before this Court's colleague Honorable Ruben Castillo after its removal from the Circuit Court of Cook County.

There is a fundamental problem with Home Depot's attempted removal: All three of its codefendants are Illinois citizens,[1]

---

[1] Despite General Casualty's corporate name, it is not an Illinois citizen (Notice ¶8 describes it as a Wisconsin corporation with its principal place of business in that state), so that the presence of Illinois citizens on the defendants' side of the "v." does not destroy diversity of citizenship.

and the second sentence of 28 U.S.C. §1441(b)[2] precludes removal of any case in which <u>any</u> defendant is a citizen of the forum state.  There is a division of views among district courts as to whether an out-of-state citizen, by jumping the gun via a notice of removal filed before service is had on any in-state defendant, can avoid that prohibition -- see, e.g., cases referred to at page 45 of this Court's article in 33 <u>Litigation</u> No. 3 (Spring 2007, <u>Traps for the Unwary in Removal and Remand</u> (hereafter cited simply "<u>Traps</u>").  This Court is among those that reject such avoidance as out of synch with the policy that gave rise to the statutory rule (cf. 16 Moore's <u>Federal Practices</u>("<u>Moore's</u>") § 107, 14[2][a[[i](3d ed. 2008)).

It is of course well-established that Section 1441(a) requires <u>all</u> defendants who have been served (other than purely nominal or fraudulently-joined defendants or "John Doe" defendants -- see generally the discussion in 16 <u>Moore's</u> § 107.4[2][c][iii] and [iv] and cases cited there -- to join in or consent to removal (see <u>Traps</u> at 44 and authorities cited there).  Hence the removing defendant or defendants is or are expected to make a showing -- or to provide an explanation -- in that respect (see, e.g., <u>N.Ill. Gas Co. v. Airco Indus. Gases</u>, 676 F.2d 270, 273 (7th Cir. 1982)).

---

[2] All further references to Title 28's provisions will simply take the form "Section--."

In this instance, however, Home Depot's Notice is totally silent on the subject of its codefendants. It is certainly worth noting that 18 days (from the October 3 filing date of the state court lawsuit to October 21) elapsed before Home Depot was then served, and the Notice was filed four weeks after that -- nearly <u>seven weeks</u> after the suit was originally brought. That being so, it would seem highly unlikely that not one of the other three defendants had also been served when the Notice was filed, and if one or more <u>had</u> been the earlier-mentioned division of judicial views would vanish -- instead the courts would unanimously hold that Home Depot has violated Section 1441(b)'s second sentence.

Having said all that, this Court recognizes that our Court of Appeals shares the majority view that such a violation is considered procedural rather than jurisdictional, so that a sua sponte judicial remand under Section 1447(c) for lack of subject matter jurisdiction would be improper (<u>Hurley v. Motor Coach Indus., Inc.</u>, 222 F.3d 377, 379-80 (7th Cir. 2000)). But as <u>Hurley, id</u>. teaches, a plaintiff such as General Casualty is entitled to determine whether it wishes to preserve or to waive its choice of a state forum in the face of Home Depot's unilateral effort to move into the federal court system.

Accordingly this action is set for a status hearing at 9 a.m. December 5, 2008. At that time counsel for all the

3

parties are expected to address the subject matter of his opinion.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:   November 24, 2008